UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

T.Y.S.,

                Petitioner,

– *against* –

JUDITH ALMODOVAR, *in her official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement*, TODD LYONS, *in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement*, KRISTI NOEM, *in her official capacity as Secretary of the United States Department of Homeland Security*, PAMELA BONDI, *in her official capacity as Attorney General of the U.S.*, SIRCE E. OWEN, *in her official capacity as Acting Director of the Executive Office for Immigration Review*, *and* PAUL ARTETA *in his official capacity as the Sheriff of Orange County and the Director of Orange County Correctional Facility*,

                Respondents.

**ORDER**

25-cv-08267 (ER)

Ramos, D.J.:

     T.Y.S. filed a petition for writ of *habeas corpus* on October 6, 2025 challenging his detention by Immigration and Customs Enforcement as unlawful. Doc. 1. In the middle of the briefing schedule, on October 29, 2025, T.Y.S.'s counsel filed a letter, in part informing the Court that T.Y.S. has been deported from the United States. Doc. 13. On October 30, 2025, the government confirmed that T.Y.S. had been deported from the United States on October 25, 2025 and argued that, due to the deportation, the instant case is moot. Doc. 15. On November 4, 2024, the parties appeared at an in-person status conference, and T.Y.S.'s counsel was directed to file a status update by November 7, 2025 to inform the Court whether counsel was able to get in

contact with T.Y.S. and whether T.Y.S. consented to the withdrawal of the instant case. *See* Doc. Entry dated Nov. 4, 2025. On November 7, 2025, T.Y.S.'s counsel filed a status update, indicating they were not able to get in contact with T.Y.S. despite multiple attempts. Doc. 16.

A petitioner's removal from the United States renders a *habeas corpus* petition challenging unlawful detention moot. *See e.g.*, *Pena v. Lynch*, 16-cv-5075 (RA), 257 F. Supp. 3d 346, 347–48 (S.D.N.Y. 2017) (finding a *habeas corpus* petition moot after petitioner was removed from the United States); *see also*, *Hassoun v. Searls*, 976 F.3d 121, 130 (2d Cir. 2020) (finding that the appeal of a detention challenge was moot as the petitioner had been removed from the United States). As T.Y.S. has been removed from the United States, the Court finds the instant *habeas corpus* petition moot.

Accordingly, the clerk of the Court is respectfully instructed to close this case.

It is SO ORDERED.

Dated: November 13, 2025
       New York, New York

_____
EDGARDO RAMOS, U.S.D.J.